

**ORDERED in the Southern District of Florida on March 31, 2026.**

_Scott M. Grossman_

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

CATHERINE P. AYALA,                                Case No. 25-23608-SMG

    Debtor.                                                Chapter 13

_____/

### ORDER OVERRULING OBJECTION TO CLAIM OF ALLY BANK

Debtor Catherine Ayala objected[1] to the proof of claim[2] filed by Ally Bank. But she only sent a copy of that objection to Ally Bank by email to the email address listed on the *Request for Notice Under Bankruptcy Rule 2002*[3] filed by Ally Bank's servicer, AIS Portfolio Services, under 11 U.S.C. § 342(f)(1). Providing notice of the objection to this email address, however, does not satisfy the service requirements of Federal Rule of Bankruptcy Procedure 3007(a)(2)(A) for an objection to claim. The objection will therefore be overruled without prejudice.

---

[1] Dkt. No. 31.
[2] Claim No. 2-1.
[3] Dkt. No. 10.

Ms. Ayala filed this chapter 13 bankruptcy case on November 17, 2025.[4] On November 19, 2025, Ally Bank filed a *Request for Notice Under Bankruptcy Rule 2002* in which it requested, pursuant to 11 U.S.C. § 342(f)(1), that:

(i) all notices given or required to be given in the case; and

(ii) all pleadings and correspondence served or required to be served in this case, regarding Ally Bank should be directed to AIS Portfolio Services, LLC at the following mailing address effective immediately:

> Attn: Ally Bank Department
> AIS Portfolio Services, LLC
> Account: XXXXXXXX9594
> 4515 N Santa Fe Ave. Dept. APS
> Oklahoma City, OK 73118.[5]

The request for notice was electronically signed by Amitkumar Sharma, Claims Processor. The bottom of the signature block for Amitkumar Sharma lists the email address ECFNotices@aisinfo.com.

Ally Bank then filed proof of claim no. 2-1 on December 17, 2025. In the section of the claim form titled "Where should notices to the creditor be sent?" Ally Bank listed the following address:[6]

> Ally Bank c/o AIS Portfolio Services, LLC
> 4515 N. Santa Fe Ave. Dept. APS
> Oklahoma City OK 73118.

It also listed as its contact email: ECFNotices@aisinfo.com.

On February 5, 2026, Ms. Ayala objected to Ally Bank's claim.[7] She sent a copy of her objection and the notice of hearing thereon by email to Ally Bank at:

---

[4] Dkt. No. 1.
[5] Dkt. No. 10.
[6] Claim No. 2-1.
[7] Dkt. No. 31.

2

ECFNotices@aisinfo.com[8] – the email address listed on both Ally Bank's request for notice and on its proof of claim. This, however, is not adequate service of an objection to claim.

Under Federal Rule of Bankruptcy Procedure 3007(a)(2)(A), an objection to claim must be served by mail on the person the claimant designated on its most recent proof of claim, at the address listed therein.[9] Where an objection is to a claim of an insured depository institution, service must also comply with Federal Rule of Bankruptcy Procedure 7004(h). Rule 7004(h) requires service by certified mail addressed to an officer of the institution, unless one of three exceptions applies: (1) the institution has appeared by its attorney, in which case the attorney must be served by first class mail; (2) the court orders otherwise after applicable service upon the institution; or (3) the institution has waived in writing its entitlement to such service. None of these exceptions apply here. Ally Bank did not waive in writing its entitlement to service under Rule 7004(h), the Court has not ordered otherwise after service on Ally Bank, and Ally Bank has not appeared by its attorney in this case.

Ally Bank's request for notice under 11 U.S.C. § 342(f)(1) does not constitute an appearance by an attorney.[10] Indeed, there is no indication in the notice that

---

[8] Dkt. No. 33.

[9] Fed. R. Bankr. P. 3007(a)(2)(A) ("The notice—substantially conforming to Form 420B—and objection must be served by mail on the person the claim holder most recently designated to receive notices on the claim holder's original or latest amended proof of claim, at the address so indicated.").

[10] As evidenced by the Notices of Electronic Filing issued by CM/ECF – which does not list ECFNotices@aisinfo.com as a recipient of CM/ECF notice in this case – a request for notice under 11 U.S.C. § 342(f)(1) does not add the party filing the notice to the list of CM/ECF registered user email recipients in the case. A notice under 11 U.S.C. § 342(f)(1) does, however, add that party as an electronic recipient of notices that the Clerk of Court is required to serve and which are then served through the Bankruptcy Noticing Center. *Compare* Fed. R. Bankr. P. 9036(b)(1) ("*To Registered Users.* The clerk may send notice to or serve *a registered user* by filing the notice or document with the court's electronic-filing system.") (emphasis added) *with* Fed. R. Bankr. P. 9036(b)(2) ("*To All*

Amitkumar Sharma – whose title on the notice is "Claims Processor" – is an attorney. An attorney who appears for a party in a case generally must file a notice of appearance under Federal Rule of Bankruptcy Procedure 9010(b). 11 U.S.C. § 342(f)(1), on the other hand, permits an entity to "file with any bankruptcy court a notice of address to be used by all the bankruptcy courts or by particular bankruptcy courts, as so specified by such entity at the time such notice is filed, to provide notice to such entity in all cases under chapters 7 and 13 pending in the courts with respect to which such notice is filed, in which such entity is a creditor."[11]

When a creditor files a request for notice under 11 U.S.C. § 342(f)(1), it is just that – a request for *notice*. Notice in bankruptcy cases is governed largely by Federal Rule of Bankruptcy Procedure 2002. Notice informs parties of certain events and intended actions in a bankruptcy case and gives parties an opportunity to object. Service, on the other hand, is different. Service is used to acquire personal jurisdiction

---

*Recipients*. ***For any recipient***, the clerk may send notice or serve a document by electronic means that the recipient consented to in writing, including by designating an electronic address for receiving notices.") (emphasis added); *see also* Fed. R. Bankr. P. 2002(a), (b), (d), (f), (k), (n), and (q) (each of which require the clerk or the court's designee to provide certain notices).
[11] 11 U.S.C. § 342(f)(1).

over a party for purposes of adjudicating the party's legal rights.[12] Rules 3007, 7004, and 9014 all require service, rather than notice.[13]

Under Rule 3007(a)(2)(A), Ms. Ayala was required to serve her objection to claim and the notice of hearing thereon by mail on Ally Bank at the address for notices listed on its proof of claim, as well as by certified mail addressed to an officer of the institution. Sending a copy of the objection and the notice of hearing by email to the email address listed on Ally Bank's request for notice filed under 11 U.S.C. § 342(f)(1) does not suffice.

Accordingly, it is **ORDERED** that Ms. Ayala's *Objection to Claim of ALLY BANK [# 2-1]*[14] is **OVERRULED without prejudice**.

# # #

*Copy furnished to Jared J. Kullman, Esq. who must serve a copy of this Order on all interested parties and file a certificate of service thereof.*

---

[12] *See* Fed. R. Bankr. P. 7004(f) ("If exercising jurisdiction is consistent with the United States Constitution and laws, serving a summons or filing a waiver of service under this Rule 7004 or the applicable provisions of Fed. R. Civ. P. 4 establishes personal jurisdiction over a defendant: (1) in a bankruptcy case; or (2) in a civil proceeding arising under the Code, or arising in or related to a case under the Code."); *see also Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) ("service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. . . . A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as a matter of individual liberty so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (cleaned up); *S.E.C. v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997) (noting the "well settled principle that 'service of process constitutes the vehicle by which the court obtains jurisdiction.'") (quoting *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992)).

[13] Other Federal Rules of Bankruptcy Procedure requiring service – not just notice – include Rules 3012 (determining the amount of a secured or priority claim); 4003(d) (avoiding a lien or other transfer of exempt property); 6004(c) (motion to sell property free and clear of liens and other interests); and 6006 (a proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan.).

[14] Dkt. No. 31.

5